## M. A. Baker *v.* The State.

1. Embezzlement, as defined by the statute (Pasc. Dig., art. 2421), is the fraudulent misappropriation or conversion to his own use by a consignee or bailee, without the consent of his principal or employer, of any money or property of such principal or employer, or of the proceeds of such property after sale.

2. Same — Charge of the Court. — Defendant was indicted for embezzle-

ment of an organ, which, according to the evidence, he had leased from the owner, and subsequently pawned for a loan of money. The court below instructed for conviction in case the jury found that the defendant embezzled the *proceeds* of the organ. *Held,* that the charge was erroneous, because the defendant was not indicted for embezzlement of proceeds, but of the property itself; and also because, under the statutory definition of the offence, embezzlement cannot consist in the conversion of proceeds of trust property, other than such proceeds as have accrued from a sale of it.

3. SAME. — The record nowhere discloses that the value of the property was conceded to be more than $20, but the court below instructed the jury that it was so conceded. *Held,* erroneous because on the weight of evidence.

APPEAL from the District Court of Travis. Tried below before the Hon. E. B. TURNER.

The opinion discloses the case.

*C. T. Garland,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J. The indictment in this case charged appellant with embezzlement, as bailee, of a parlor organ. Evidently the indictment was framed under art. 2421, Paschal's Digest, which contains, amongst others, the following provision: "Or if any consignee or bailee of money or property shall embezzle, or fraudulently misapply, or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer, or the proceeds of such property after sale, he shall be punished, * * * according to the amount of, or value of, such money or property so embezzled."

Appellant, as shown by the evidence, leased the organ of one Sisson, at the price of $5 per month, with the privilege of purchasing it at any time for the sum of $120. After having it in possession for several months, he pledged it as his own, and without the knowledge or consent of Sisson, to a pawnbroker, for the sum of $15. Before he was bound to redeem it under his contract with the pawn-

broker, Sisson, finding it had been pawned, reclaimed and took possession of it. Defendant, who had gone to the town of McKinney on the $15 which he obtained from the pawnbroker, as soon as he was notified that the organ had been turned over to Sisson, paid what he owed Sisson on the lease, and also paid the pawnbroker the amount he had advanced him on the organ.

As stated above, defendant was indicted for embezzling the organ, — that is, misapplying and converting it to his own use. In his charge, the judge gave the following instruction to the jury, viz. : " If you find that the defendant had the fraudulent intent and purpose of appropriating the organ, *or its proceeds*, to his own use, then, if you find the organ to have been the property of Mr. Sisson, and that the same was in possession of defendant under a contract of hire, and with the right to purchase if desired, and that defendant *disposed of the organ* without Mr. Sisson's consent, intending to defraud Mr. Sisson, then you would be justified in finding him guilty."

Now, as seen from the statute above quoted, a party is only liable for embezzlement *of the proceeds of property after a sale of the same*. The charge quoted used the expression " *disposed of the organ* without Mr. Sisson's consent, intending to defraud Mr. Sisson," etc. Suppose defendant had, without the consent of the owner, and with intent to defraud him, loaned the organ, or that he had hired it to another, — would this have been embezzlement? And yet, would it not have been *a disposition* of the organ? There must be *a sale*, and an appropriation of the proceeds after sale, to make a party liable in that aspect of the statute.

We think the charge was calculated to mislead, and that it is objectionable in two respects. In the first place, it made his guilt to depend upon his embezzlement of the proceeds of the organ, when he was not so charged in the indictment, but was alone charged with embezzling the

organ itself; and, in the second place, it made him thus liable for any fraudulent disposition of the organ, when the statute only makes him liable for embezzling the proceeds after its sale. Defendant was indicted for misapplying and converting the organ to his use, which is an offence under the statute, but was not indicted for embezzling the proceeds of the organ, which would also be an offence if done after a sale of it.

Again, we find this expression in the charge: " The value of the organ is conceded to be more than $20, and there is no conflict in the evidence in this case upon that point." Now, we find no such concession in the record; and the charge is obnoxious, in that it is upon the weight of evidence.

Because the charge of the court permitted the jury to find the defendant guilty upon a state of case other than that as made in the indictment, and because it also assumed a fact which it was the duty of the jury to find, the judgment as rendered below is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*